

# Fourth Court of Appeals
## San Antonio, Texas

January 5, 2017

No. 04-16-00556-CV

**ESTATE OF ADAN J. DOMINGUEZ, DECEASED**,

From the Probate Court No 2, Bexar County, Texas
Trial Court No. 2015PC2096
Honorable Tom Rickhoff, Judge Presiding

# O R D E R

Sitting:      Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebecca C. Martinez, Justice

After Appellant Veronica Dominguez Evans filed an affidavit of inability to pay costs, the court reporter and the appellee in the underlying appeal filed contests to Evans's affidavit. *See* TEX. R. CIV. P. 145. The trial court then held an evidentiary hearing. At the hearing, Evans had the burden to prove her inability to afford costs. *See* TEX. R. CIV. P. 145(5). After the hearing, the trial court signed an order stating its findings. *See* TEX. R. CIV. P. 145(6). The trial court found that Evans did not meet her burden of proof and pointed to Evans's testimony that "she is currently voluntarily unemployed and has been so since August of 2016 so that she could focus on the appeal pending in this case." The trial court also noted that Evans testified that "a number of expenses she cited in her affidavit were not actual expenses as of the date of the filing of the affidavit and that she knew that when she filled out the affidavit." The trial court explained that Evans "admitted that the expenses listed on her affidavit of August 23, 2016 for vehicle payments, gas, bus fare and auto repair were not applicable as she was not operating her cab and had not done so since July of 2016." The trial court further noted that Evans had made no effort to find employment "since July of 2016 or at any time up to the date of the hearing on this matter." The trial court also explained that Evans had testified that she had no medical or mental condition that would prevent her from seeking employment. Therefore, the trial court found that Evans was able to afford court costs and was required to pay all court costs properly assessed against her or incurred by her as a party in this cause.

Evans then sought review of the trial court's findings in this Court. This Court ordered clerk's and reporter's records relating to the hearing on her affidavit of inability to pay costs to be filed. *See* TEX. R. CIV. P. 145(g). In reviewing the clerk's record filed and the reporter's

record of the evidentiary hearing, we conclude the record supports the trial court's findings. Therefore, we affirm the trial court's order finding that Evans is able to afford court costs.

Before the trial court ruled on the contests to Evans's affidavit, a clerk's record and several supplemental clerk's records had already been filed in this Court. Thus, should Evans lose her appeal, she will be charged the cost of preparation of those records. The clerk's records filed show that the trial court's order dismissing Evans's will contest was filed on July 7, 2016. Thus, Evans's notice of appeal was due to be filed on August 8, 2016. *See* TEX. R. APP. P. 26.1(a). Evans filed her notice of appeal on August 23, 2016, and also filed a motion for extension of time to file a notice of appeal on August 23, 2016, which was within fifteen days after the deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.3. We GRANT appellant's motion for extension of time of file her notice of appeal.

We note that although a clerk's record and several supplemental clerk's records have been filed, the clerk's records filed do not conform with Texas Rule of Appellate Procedure 34.5(a), because they do not include all pleadings on which the trial was held. For example, Evans's pleading contesting the will is not included in the clerk's record. As Evans has been found to be able to afford the costs associated with the appellate record, should Evans seek another supplemental clerk's record to include pleadings currently omitted from the appellate record, she must pay or make arrangements to pay the fee for preparation of the supplemental clerk's record. Similarly, several reporter's records have been filed in this Court, which include transcripts of hearings on January 7, 2015, February 20, 2015, December 8, 2015, May 12, 2016, June 8, 2016, and November 7, 2016. Should Evans desire supplemental reporter's records that include additional hearings, she must pay or make arrangements to pay for such supplemental reporter's records.

We also note that Evans has filed a motion for extension of time to file a formal bill of exception, requesting an extension to November 1, 2016. That motion is GRANTED. *See* TEX. R. APP. P. 33.2(e)(3). Pursuant to Texas Rule of Appellate Procedure 33.2(c), Evans should have filed and presented the formal bill of exception to the trial court. *See* TEX. R. APP. P. 33.2(c). And, when filed, the formal bill of exception should be included in the appellate record. TEX. R. APP. P. 33.2(f). Thus, as above, if Evans wishes to include any formal bill of exception in the appellate record, she must pay or make arrangements to pay the clerk's fee for preparation of the supplemental clerk's record.

If Evans desires supplemental clerk's or reporter's records described above, she must file, **within ten days after the date of this order**, written proof in this Court that she has paid or made arrangements to pay the fee for preparation of such supplemental records. **If Evans does not file such written proof within ten days of the date of this order, appellant's brief will be due within thirty days after the date of this order.**

Further, we note that at the time Evans filed her notice of appeal, she also filed in this Court a Motion for Extension of Time to File an Affidavit of Indigence. As the trial court held a hearing on the contest to Evans's claim of indigence and reached the merits of her claim, we DENY AS MOOT Evans's motion for extension of time to file an affidavit of indigence.

Finally, Evans has filed a Motion Objecting to All Errant Issues and Orders Relating to Appellant's Indigence. That motion is DENIED.

_____
Karen Angelini, Justice

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of January, 2017.



_____
Keith E. Hottle
Clerk of Court